IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MONGO WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:08cv96 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Mongo Williams, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams was convicted of murder in the 124th Judicial District Court of Gregg County, Texas, receiving a sentence of 50 years in prison.  He took a direct appeal, which affirmed his conviction on October 5, 2005, and filed a motion for extension of time in which to seek discretionary review, but did not do so.  On April 3, 2006, the Court of Criminal Appeals noted on the docket that no petition for discretionary review had been filed.  Williams also filed a state habeas corpus application, which was denied by the Texas Court of Criminal Appeals.

After review of the pleadings, the Magistrate Judge issued a Report on May 9, 2008, recommending that the petition be dismissed based on the expiration of the statute of limitations. The Magistrate Judge calculated the finality of Williams' sentence from the date that the Court of Criminal Appeals noted on the docket that no petition for discretionary review had been filed; the Magistrate Judge observed that the extension which Williams had been granted had clearly expired by that date.  The Magistrate Judge therefore determined that Williams had until April 3, 2007, in

1

which to seek federal habeas corpus review; however, he did not file his first *state* habeas petition until July 11, 2007, over three months later; this date is some 21 months after the Court of Appeals affirmed his conviction, and some 15 months after the Court of Criminal Appeals noted that no petition for discretionary review had been filed.  The Magistrate Judge also concluded that Williams had shown no basis upon which to equitably toll the statute of limitations, and recommended that his petition be dismissed.

Williams filed objections to the Magistrate Judge's Report on May 29, 2008.  In his objections, Williams says that the reason for the delay was that he was indigent and could not afford copies of his trial court transcripts.  He says that he did not pay for the transcripts until August or September of 2006, and then prepared himself to work on the case.  Williams says that this is why he could not file his petition for discretionary review on time - even though he had received an extension, he did not have the transcripts, and it was not possible to work on his case without them. Williams argues that he has been "diligently pursuing" his case, despite the lapses of time, although he does not indicate through what means, if any, he sought the transcripts through the state courts.

In Davis v. Quarterman, cause no. 3-06-cv-2183 (N.D.Tex., February 2, 2007) (unpublished) (available on WESTLAW at 2007 WL 316903), the petitioner attempted to excuse his delay and evade the operation of the statute of limitations by arguing that the trial court refused his request for a free transcript or access to court documents.  The Northern District of Texas held that even if the petitioner was denied access to these materials, this did not constitute a "rare and exceptional circumstance" sufficient to toll the statute of limitations.  *See also* Scott v. Johnson, 227 F.3d 260, 263 and n.3 (5th Cir. 2000) (lack of access to research materials because of an inadequate law library is not a "rare and exceptional circumstance"); Wright v. Dretke, cause no. 3-05-cv-0518 (N.D.Tex., July 11, 2005, *affirmed* August 29, 2006) (unpublished) (available on WESTLAW at 2005 WL 1639321) (receipt of trial transcripts more than one year after conviction became final did not warrant equitable tolling).  Similarly, Williams has failed to show that the facts which he outlines constitute "rare and exceptional circumstances" so as to invoke the doctrine of equitable tolling.  In

2

addition, the Court notes that Williams said that he was not able to pay for the transcripts until August or September of 2006; this still gave him ample time to file his state habeas corpus petition by April of 2007 and thereby toll the running of the federal limitations period.  Williams has not shown rare and exceptional circumstances, and his objections are without merit.  *See also* Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and memorandum in support, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Mongo Williams is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 17th day of July, 2008.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE